**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LEE A. RUFFIN,

                Plaintiff,

     v.                                                                                  No. 9:17-CV-0481
                                                                                        (MAD/CFH)
MARY ANN MACK, et al.,

                Defendants.

---

**APPEARANCES:**                                                  **OF COUNSEL:**

Lee A. Ruffin
3560A Fish Hatchery Road
Gaston, South Carolina 29053
Plaintiff pro se

Hon. Eric T. Schneiderman                                 KATIE E. VALDER, ESQ.
Attorney General for the                                     Assistant Attorney General
   State of New York
The Capitol
Albany, New York 12224
Attorney for Defendants

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

     Plaintiff pro se Lee A. Ruffin ("plaintiff"), a former inmate who was, at all relevant times, in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

defendants Senior Librarian Mary Anne Mack, Lieutenant ("Lieut.") Michael McNally, and Corrections Officer ("C.O.") Anthony Harper – who, at all relevant times, were employed at Riverview Correctional Facility ("Riverview") – violated his constitutional rights under the First Amendment. See Dkt. No. 1 ("Compl."); Dkt. No. 5. Presently pending before the Court is defendants' Motion to Dismiss pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 80. For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

Plaintiff commenced this action on May 3, 2017. See Compl. On June 5, 2017, plaintiff notified the Court of his change of address. Dkt. No. 7. On July 14, 2017, the undersigned issued the Mandatory Pretrial Discovery and Scheduling Order, which set the discovery deadline for January 16, 2018. Dkt. No. 15; Dkt. No. 20-4 ("Valder Affirm.") ¶ 3. A copy of this Order was mailed to plaintiff's updated address. See Text Entry dated June 6, 2017. On September 7, 2017, defendants served plaintiff with a Notice of Deposition for December 14, 2017. Valder Affirm. ¶ 5. On December 14, 2017, plaintiff failed to appear for his scheduled deposition. Id. ¶ 6. Plaintiff did not contact defendants or otherwise indicate that he was unable to attend the scheduled deposition. Id. ¶ 7. Defendants incurred costs of $77.80 for the December 14, 2017 deposition transcript. Id. ¶ 8.

2

## II. Discussion[2]

Defendants argue that "plaintiff's refusal to comply with the Court's various discovery orders is sanctionable by dismissal with prejudice." Dkt. No. 20-2 ("Def. Mem. of Law") at 4. Alternatively, defendants that if dismissal is too extreme, the undersigned "should require plaintiff to reimburse the costs incurred by [his] failure to appear" pursuant to Rule 37(b)(2)(A). Id. at 7.

### A. Fed. R. Civ. P. 41(b)

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . . ." FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 (2d. Cir. 2014); see also N.D.N.Y. L.R. 41.2(b). Since a Rules 41(b) dismissal "is a harsh remedy" . . . [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d. Cir. 1996) (citation omitted). Further, where the plaintiff is proceeding *pro se*, "courts should be especially hesitant to dismiss for procedural deficiencies . . . ." Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) ("There are many cases in which we have said that a pro se litigant is entitled to 'special solicitude'; that a pro se litigant's submissions must be construed 'liberally'; and that such submissions must be read to raise the strongest arguments that

---

[2] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

3

they 'suggest.'"). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order,
>
> (2) whether the plaintiff was on notice that failure to comply with result in dismissal,
>
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
>
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
>
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)) (additional citations omitted). "Generally, no one factor is dispositive." Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (internal quotation marks and citation omitted). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting FED. R. CIV. P. 41(b)).

A review of this case's procedural history shows that plaintiff's inactivity began after he filed a Notice of Change of Address on June 5, 2017. See Dkt. No. 7. Plaintiff failed to appear for his deposition on December 14, 2017 despite the notification in the Mandatory Pretrial Discovery and Scheduling Order advising him that "failure . . . to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action." Dkt. No. 15; Dkt. No. 20-5 at 9. Thus, for the past nine months plaintiff has

4

not communicated with the Court or the defendants in any manner.

Further, it is clear that defendants have been prejudiced by plaintiff's failure to participate in discovery. Defendants have not only been denied access to necessary information to defend themselves in this action, but also have incurred costs in preparing for and arranging the December 14, 2017 deposition. See Def. Mem. of Law at 4-5; Dkt. No. 20-5 at 16-17. Lastly, the undersigned finds that sanctions less extreme than dismissal will be not effective in this case. Lucas, 84 F.3d at 535. Mindful of the principles of law set forth herein, the undersigned determines that dismissal is appropriate in this matter. Plaintiff's failure to communicate with defendants and the Court during the discovery phase of his lawsuit establishes an intent to abandon this action. Moreover, it demonstrates that there is no meaningful way to secure plaintiff's appearance before the Court to litigate this action. Plaintiff has been warned that failure to participate in discovery and appear for a deposition may result in dismissal of his action, see Dkt. No. 15, but he still chose to disregard this warning. Given plaintiff's abandonment of this action and his ongoing refusal to comply, despite being warned, the undersigned finds that imposition of any lesser sanction would not motivate plaintiff to participate in this litigation.

Thus, on balance, it is recommended that defendants' Motion to Dismiss on this ground be granted. Notwithstanding, in light of plaintiff's pro se status, it is recommended that the dismissal of the action be without prejudice. See Cintron v. Gettman, No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303604, at *4 (N.D.N.Y. May 1, 2017) (recommending dismissal of the plaintiff's action be without prejudice for failure to appear for two scheduled depositions); Perkins v. Rock, No. 9:12-CV-0459 (LEK/RFT), 2014 WL

5

4988224, at *4 (N.D.N.Y. Oct. 7, 2014) (recommending dismissal of the plaintiff's action for failure to prosecute be without prejudice); Jones v. Hawthorne, No. 9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *3 (N.D.N.Y. June 5, 2014) (same).

### B. Fed. R. Civ. P. 37(d)

As an alternative ground for dismissal, defendants argue that plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 37(d). See Def. Mem. of Law at 7-8. This Rule provides that a court may impose sanctions on a party, including dismissal of the action, if the party "fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i), 37(d)(3). Dismissal is a drastic remedy which should generally only be used when lesser sanctions would be inappropriate. See Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citations omitted). "[H]owever, discovery orders are meant to be followed"; thus, dismissal is justified when noncompliance is attributed to willfulness, bad faith, or fault of the offending party. See id. (internal quotation marks and citations omitted). In deciding an appropriate sanction, "the court may consider the full record . . . [specifically] the willfulness of the non-compliant party; the reasons for the noncompliance; the efficacy of lesser sanctions; the duration of the non-compliance; and whether the party has been warned of the consequences of noncompliance." Broadcast Music, Inc. v. Metro Lounge & Café LLC, No. 10-CV-1149 (NAM/ATB), 2012 WL 4107807, at *2 (N.D.N.Y. July 18, 2012) (citations omitted); see also Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995). The goals of sanctions are to "ensure that a party will not benefit from its own

6

failure to comply . . . [, act as] specific deterrents and seek to obtain compliance with the particular order issued[, and] . . . serve [as] a general deterrent on the case at hand and on other litigation . . . ." Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (citations omitted).

As evidenced above, all relevant factors support dismissal of plaintiff's action as he has not communicated with either the Court or defendants in nearly nine months, and did not comply with the Mandatory Pretrial Discovery and Scheduling Order by failing to appear at his deposition. See Subsection II.A supra, at 3-5. Accordingly, in the alternative to dismissal under Rule 41(b), it is recommended that defendants' Motion to Dismiss pursuant to Rule 37(d) be granted.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that defendants' Motion to Dismiss pursuant to Rule 41(b) (Dkt. No. 20) be **GRANTED** and plaintiff's complaint (Dkt. No. 1) be **DISMISSED** without prejudice; and it is further

**RECOMMENDED**, that, in the alternative to dismissal pursuant to Rule 41(b), defendants' Motion to Dismiss, insofar as it seeks dismissal pursuant to Rule 37(d) be **GRANTED** and plaintiff's complaint (Dkt. No. 1) be **DISMISSED** without prejudice; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[3]

**IT IS SO ORDERED**.

Dated: April 9, 2018
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(C).

8