**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LEE A. RUFFIN,**

                              **Plaintiff,**

    vs.                                                  9:17-CV-0481
                                                                             (MAD/CFH)

**MARY ANN MACK, et al.,**

                              **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**LEE A. RUFFIN**
3560A Fisk Hatchery Road
Gaston, South Carolina 29053
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **KATIE E. VALDER, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

On May 3, 2017, Plaintiff *pro se*, while serving a sentence of incarceration at Riverview Correctional Facility in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action pursuant to 42 U.S.C. § 1983 alleging that Defendants Mary Ann Mack, Michael McNally, and Anthony Harper, who are all DOCCS employees, violated his constitutional rights under the First Amendment. *See* Dkt. No. 1. After Plaintiff was released from DOCCS custody, Plaintiff failed to comply with orders of this Court and his discovery obligations relevant to this case. After Plaintiff failed to appear at his scheduled deposition on December 14, 2017, Defendants filed a motion to dismiss for lack of prosecution, to which Plaintiff did not respond. *See* Dkt. No. 20.

In a Report-Recommendation and Order dated April 9, 2018, Magistrate Judge Hummel recommended that the Court grant Defendants' motion and dismiss this action. *See* Dkt. No. 21. Specifically, Magistrate Judge Hummel found that "Plaintiff's failure to communicate with defendants and the Court during the discovery phase of his lawsuit establishes an intent to abandon this action." *See id.* at 5. In light of Plaintiff's actions, Magistrate Judge Hummel recommended that the Court find that of the relevant factors the Court is required to consider when deciding to dismiss a case pursuant to Rule 41(b) weigh in favor of granting Defendants' motion. *See id.* at 5-6. Alternatively, Magistrate Judge Hummel recommended that the Court dismiss this case pursuant to Rule 37(d) due to Plaintiff's failure to appear for his deposition. *See id.* at 6-7. Plaintiff did not file objections to Magistrate Judge Hummel's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge", the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to

2

object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to file a timely objection will result in the waiver of further judicial review and cites the pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A court may dismiss an action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Rule 41(b) provides that,

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal of an action under this rule is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks and citation omitted).

Notwithstanding the harshness of this remedy, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to comply with the court's orders or otherwise fails to prosecute the action "diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). In determining whether dismissal for failure to prosecute is warranted, the district court must consider the following factors, none of which are dispositive:

3

> (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate.

*United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted).[1]

Pursuant to the Rule 37 of the Federal Rules of Civil Procedure, a court may dismiss a complaint for a party's failure to comply with a court order regarding discovery. *See* Fed. R. Civ. P. 37(b)(2)(A) (providing that, if a party "fails to obey an order to provide or permit discovery," the court may then make any orders regarding the failure to abide by the discovery order).[2] Rule 37 also contains a specific section providing sanctions for a "[p]arty's failure to attend its own deposition . . . ." Fed. R. Civ. P. 37(d); *see also Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990); *Salahuddin v. Harris*, 782 F.2d 1127 (2d Cir. 1986) (holding that a motion to dismiss for failure to participate in deposition is properly considered under Fed. R. Civ. P. 37).

The Second Circuit has stated that

---

[1] Since "courts consider the same factors applicable to Rule 41(b) when considering dismissal pursuant to Rule 37[,]" the Court need only perform its analysis once. *Barney v. Consol. Edison Co. of N.Y.*, No. 99-CV-823, 2006 WL 4401019, *16 (E.D.N.Y. July 19, 2006) (citing *Banjo v. United States*, 1996 WL 426364, at *5 (S.D.N.Y. July 30, 1996)); *New Pacific Overseas Group (USA) Inc. v. Excal Intern. Dev. Corp.*, Nos. 99 Civ. 2436, 99 Civ. 3581, 2000 WL 377513, *7 (S.D.N.Y. Apr. 12, 2000) (citations omitted).

[2] The orders that the Court can issue include preclusion, orders deeming certain facts established, striking pleadings, dismissal, or contempt. *See* Fed. R. Civ. P. 37(d)(3) (referring to the sanctions listed in Rule 37(b)(2)(A)(i)-(iv)). In lieu of, or in addition to the above sanctions, the Court can assess attorneys' fees and reasonable expenses unless the court finds that the failure to obey the order was substantially justified or other circumstances make the award of expenses unjust. *See* Fed. R. Civ. P. 37(d)(3).

> "all litigants, including *pro ses*, have an obligation to comply with court orders," *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990), and failure to comply may result in sanctions, including dismissal with prejudice. Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . [including] dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, a district court may dismiss an action if a party fails to attend a deposition of that party. *See* Fed. R. Civ. P. 37(d).

*Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *see also S.E.C. v. Setteducate*, 419 Fed. Appx. 23, 24 (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (affirming dismissal sanction after a *pro se* plaintiff failed to appear for his deposition)). Dismissal pursuant to Rule 37 is appropriate "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

In considering the possible range of sanctions, including dismissal, the following factors are relevant: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance. *See Agiwal*, 555 F.3d at 302 (quotation and other citations omitted).

Having reviewed Magistrate Judge Hummel's April 9, 2018 Report-Recommendation and Order and the applicable law, the Court concludes that Magistrate Judge Hummel correctly determined that the Court should dismiss Plaintiff's claims in light of his failure to prosecute this action and his failure to comply with the Court's orders. The last time Plaintiff filed anything in this matter was June 6, 2017 when he filed a notice of change of address. *See* Dkt. No. 7.

5

Plaintiff failed to respond to Defendants' motion and failed to abide by court-ordered deadlines. In view of his *pro se* status, Plaintiff's complaint will be dismissed without prejudice.

After carefully reviewing the entire record in this matter, Magistrate Judge Hummel's April 9, 2018 Report-Recommendation and Order, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Hummel's April 9, 2018 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion to dismiss pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure is **GRANTED in its entirety**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in compliance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case.

**IT IS SO ORDERED.**

Dated: June 8, 2018
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge